UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-127-FDW

| | |
|---|---|
| JEFFERY DEAN TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KAY KILLIAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, pursuant to 28 U.S.C. 1915.[1]

### I. BACKGROUND

Pro se Plaintiff Jeffery Dean Tucker is a prisoner of the State of North Carolina, currently incarcerated at the Pamlico Correctional Center in Bayboro, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted of being a habitual felon in Lincoln County, North Carolina, on June 10, 2016. This Court's criminal docket further indicates that Plaintiff also previously pled guilty in this Court to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and this Court sentenced him in 2001 to 95 months of imprisonment. See (United States v. Tucker, Crim. Case No. 5:00cr30-RLV, Doc. No. 16: Judgment). Then, in December 2014, Plaintiff was again charged in this Court with possession of a firearm by a convicted felon, and on May 7, 2015, a jury found him guilty, and

---

[1] Plaintiff has paid the filing fee. Under 28 U.S.C. § 1915(e)(2), however, notwithstanding the payment of a filing fee, the Court must dismiss the action at any time the Court determines that the action fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief.

1

this Court subsequently sentenced him on February 29, 2016, to 188 months of imprisonment. (United States v. Tucker, 5:14cr83, Doc. No. 48: Judgment). On March 6, 2017, this Court resentenced Plaintiff to 46 months of imprisonment.[2] (Id., Doc. No. 70: Amended Judgment).

Plaintiff filed this action on August 13, 2018, pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) Kay Killian, identified as a Lincoln County District Attorney; (2) Michael Miller, identified as the Chief District Attorney in Lincoln County; (3) Lincoln County; and (4) Greg Smith, identified as a public defender and Plaintiff's court-appointed attorney in Plaintiff's underlying state criminal action. Although his allegations are not clear, it appears that Plaintiff is complaining that Defendants Killian and Miller wrongly allowed certain state criminal charges to remain pending against Plaintiff for four years; that the state criminal charges, which were not dismissed until 2016, "cause[d] an upward departure" in Plaintiff's sentence in this Court; and Defendants' conduct amounts to "malicious prosecution." (Doc. No. 1 at 5). As to his court-appointed attorney Defendant Smith, Plaintiff alleges that he was coerced and threatened to accept the prosecution's plea offer in his state criminal action, or else face a much longer sentence if he proceeded to trial. (Id.). Plaintiff purports to bring claims against Defendants for a violation of his Fifth Amendment due process rights, his Sixth Amendment right to trial, and a claim for "conspiracy against rights" under 18 U.S.C. § 241. Plaintiff seeks compensatory damages against Defendants. (Id.).

## II. STANDARD OF REVIEW

On initial review, the Court must review the Complaint to determine whether it is subject

---

[2] At resentencing, after a lengthy discussion about the overlapping state and federal convictions against Plaintiff, this Court indicated that Plaintiff's state and federal court sentences would run concurrently to the extent that they involved the same conduct. See (Id., Doc. No. 76 at 17-18: Resentencing Tr.).

to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

3

> the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, it appears that a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Therefore, his claims appear to be barred by Heck.[3] The Court further notes that, to the extent that Plaintiff is attempting to challenge the 46-month amended sentence he received in this Court in 2017, the proper vehicle for challenging the constitutionality of that sentence is through 28 U.S.C. § 2255. Indeed, Plaintiff filed a Section 2255 petition in this Court on June 28, 2018, and that petition is pending. See (Tucker v. United States, 5:18cv105 (W.D.N.C.)).

## IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

---

[3] In any event, as to the district attorney Defendants Killian and Miller, these Defendants enjoy prosecutorial immunity from suit. See Imbler v. Pachtman, 424 U.S. 409 (1976). As to the public defender Defendant Smith, an attorney (whether retained, court-appointed, or a public defender) does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. The Clerk is directed to close this case.

Signed: August 15, 2018

Frank D. Whitney
Chief United States District Judge